[Cite as *State v. Davison*, 2011-Ohio-1528.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 10CA009803 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW J. DAVISON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 09CR079282 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

WHITMORE, Judge,

{¶1}  Defendant-Appellant, Andrew Davison, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I

{¶2}  In the early morning hours of October 11, 2009, an altercation broke out at a residence on Route 58.  Rodney Cannon sustained a gunshot wound as a result of the incident and identified Davison as his assailant.  The police were able to locate Davison at Elyria Memorial Hospital, where he was receiving treatment for a gunshot wound to his right leg.  Davison told the police that he sustained the wound in a drive-by shooting on his way home from a wedding.  Davison later admitted this was a lie and that he was shot during the incident that took place at the residence on Route 58.  Davison claimed, however, that he never shot anyone during the incident and never possessed a firearm.

**{¶3}** On October 20, 2009, a grand jury indicted Davison on nine counts, including numerous firearm specifications. After Davison succeeded on a motion to suppress, the State dismissed two counts and severed two other counts, pertaining to having a weapon while under disability, for trial at a later date. The remaining five counts were tried to a jury. The jury found Davison not guilty on all five counts.

**{¶4}** Davison waived his right to a jury trial on the severed counts. The matter then proceeded to a bench trial on those counts. The trial court found Davison guilty of two counts of having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and R.C. 2923.13(A)(3), respectively. Subsequently, the trial court concluded that both counts were allied offenses of similar import. The court sentenced Davison to a single term of five years in prison.

**{¶5}** Davison now appeals from the trial court's judgment and raises three assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT COMITTED (sic) PREJUDICIAL ERROR IN CONDUCTING TRIAL PROCEEDINGS WITHOUT THE PRESENCE OF DEFENDANT."

**{¶6}** In his first assignment of error, Davison argues the trial court violated his due process rights by conducting trial proceedings in his absence. Specifically, he argues that the court ordered, outside of his presence, that the afternoon session of the trial be continued to the next morning.

**{¶7}** "An accused has a fundamental right to be present at all critical stages of his criminal trial." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, at ¶100. Before a defendant may prevail upon the argument that he was denied due process as a result of his absence,

however, (1) "[t]he record must affirmatively indicate the absence of [the] defendant or his counsel during a particular stage of the trial," id. at ¶105, quoting *State v. Clark* (1988), 38 Ohio St.3d 252, 258; and (2) the defendant must show that the absence prejudiced his defense. *State v. Kiley*, 9th Dist. No. 10CA009757, 2011-Ohio-1156, at ¶12-13. Further, defense counsel may waive his or her client's presence in certain instances without impinging upon the client's right to be present. See, e.g., *Hale* at ¶103; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, at ¶145.

{¶8} The transcript from Davison's first day of trial merely indicates after the line reading "[l]unch recess had" that the trial "was adjourned to reconvene [the next morning.]" There is no discussion regarding the continuance in the record, apart from a statement from defense counsel the following day that Davison "expressed a disappointment yesterday that he was not brought into court to continue his trial." The record does contain an order, however, which indicates that the court continued the trial at the State's request "over defendant's objection." The court's order implies that, at the very least, Davison's counsel was present to object when the court decided to continue the matter.

{¶9} Davison makes no attempt to explain how he was prejudiced as a result of the trial court granting a continuance in his absence. See *Kiley* at ¶12-13. Indeed, he does not even challenge the propriety of the continuance itself. The fact that Davison was not present when the trial court continued this matter does not equate to the conclusion that his absence prejudiced his defense. Davison's first assignment of error is overruled.

### Assignment of Error Number Two

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ADMITTING EVIDENCE OF APPELLANT'S PRIOR CONVICTION AND FURTHER ERRED IN FAILING TO GRANT APPELLANT'S MOTION PURSUANT TO CRIM R. 29WHERE (sic) IT DID NOT COMPLY WITH CRIM. R. 32."

{¶10} In his second assignment of error, Davison argues that the trial court erred by admitting evidence of his prior convictions. Specifically, he argues that the exhibits of the journal entries upon which the State relied to prove his prior convictions did not comply with Crim.R. 32(C). Davison has not explained, however, which portion of Crim.R. 32(C) he believes his prior convictions failed to satisfy. See App.R. 16(A)(7). Additionally, the record before this Court does not contain any of the trial exhibits, including the journal entries at issue. As this Court has repeatedly held, it is the duty of an appellant to ensure that the record on appeal is complete. *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, at ¶22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶11. It is also an appellant's duty to support his or her argument with citations to that record as well as to applicable legal authority. See App.R. 16(A)(7). Because Davison has failed to present this Court with a complete record and an argument supported by authority, we conclude that his assignment of error lacks merit. Therefore, it is overruled.

Assignment of Error Number Three

"THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE FACTORS SET FORTH IN R.C. 2929.11, ET SEQ. IN SENTENCING APPELLANT."

{¶11} In his third assignment of error, Davison argues that his sentence is contrary to law because the court failed to consider the statutory factors set forth in R.C. 2929.11, et seq., before imposing his sentence.

{¶12} "Trial courts have full discretion to impose a prison sentence within the [applicable] statutory range[.]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. In exercising that discretion, "[a] court must carefully consider the statutes that apply to every felony case[,] *** includ[ing] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the

seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶38. Yet, a court is not required to make findings or give its reasons for imposing a certain sentence. *Foster* at paragraph seven of the syllabus.

{¶13} There is no dispute that Davison's five-year sentence falls within the statutory range for his offense. Davison's sole argument on appeal is that "there is no indication that the trial court considered any of the relevant statutory factors in R.C. 2929.11, et seq." This Court has recognized, however, that when a trial court issues a sentence that falls within the applicable statutory range for the particular offense at issue, "it is presumed that the court considered the relevant statutory sentencing factors." *State v. Estright*, 9th Dist. No. 24401, 2009-Ohio-5676, at ¶60, quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, at ¶34. It is the defendant's burden to rebut that presumption. *Estright* at ¶60.

{¶14} Davison's blanket statement that the trial court failed to consider the relevant statutory factors here does not suffice to demonstrate that the court did not comply with the sentencing statutes. The trial court's judgment entry provides that the court issued Davison's sentence "[u]pon consideration of all matters set forth by law." As such, this Court is not persuaded by Davison's unsupported assertion that the court did not consider the relevant statutory factors. See id. at ¶60-61 (presuming court considered statutory factors upon a wholly silent record). Davison's third assignment of error is overruled.

III

{¶15} Davison's assignments of error are overruled. All other outstanding motions are denied. The judgment of the Lorain County Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

SARAH A. NATION, Attorney at Law, for Appellant.

DENNIS WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.