[Cite as *State v. Weems*, 2013-Ohio-2673.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26531 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM L. WEEMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 01 0038 (B) |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, William Weems, appeals from the June 8, 2012 judgment entry of the Summit County Court of Common Pleas. We must affirm.

I.

{¶2} This matter stems from two robberies that occurred in January of 2012. Mr. Weems and Rayonte Jones robbed an individual at gun point in the Akron General Medical Center parking lot and used the victim's credit card to make several purchases at Chapel Hill Mall. Upon leaving the mall, Mr. Weems and Mr. Jones became involved in an altercation with two other individuals and absconded with their packages.

{¶3} The next day, Mr. Jones was apprehended by the police when he tried to return one of the stolen items to Wal-Mart. However, at that point in time, the police were unaware of Mr. Weems' identity. The record indicates that surveillance photographs were released on the internet and Mr. Weems' parents recognized their son in the photos. Mr. Weems' parents

advised him to voluntarily surrender and take responsibility for his actions. Accompanied by his attorney, Mr. Weems went to the Akron Police Detective Bureau, confessed to the crimes, and agreed to truthfully testify against Mr. Jones.

{¶4} Mr. Weems was indicted on two counts of robbery, in violation of R.C. 2911.02(A)(2), felonies of the second degree, one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree, misuse of credit cards, in violation of R.C. 2913.21(B)(2), a misdemeanor of the first degree, and a three-year firearm specification as to the aggravated robbery, pursuant to R.C. 2941.145.

{¶5} Mr. Weems pleaded guilty to: (1) one count of robbery and (2) one count of aggravated robbery, with a one-year firearm specification. The State dismissed all of the remaining charges listed in the indictment.

{¶6} The trial court sentenced Mr. Weems to a seven-year sentence for aggravated robbery, to run consecutively with a one-year sentence for the firearm specification, to run concurrently with a four-year sentence for robbery and his previous sentence imposed in Case No. 10-10-2980, for a total of eight-years of imprisonment.

{¶7} Mr. Weems appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT FAILED TO ADHERE TO ALL APPLICABLE RULES AND STATUTES AND ABUSED ITS DISCRETION IN IMPOSING THE TOTAL SENTENCE OF EIGHT YEARS IN THIS CASE.

{¶8} In his sole assignment of error, Mr. Weems argues that his sentence was arbitrary, unreasonable, and unconscionable because: (1) it bears no rational relationship to his role in

assisting the State in obtaining a conviction against his co-defendant, (2) it fails to acknowledge his lack of any prior sentence of imprisonment, his tender age, his self-surrender prior to identification, and the fact that the weapon he carried was never brandished, and (3) it is greater than Mr. Jones' subsequent sentence on aggravated robbery even though, according to Mr. Weems, Mr. Jones refused to accept responsibility for his actions, went to trial, and had previously been to prison.

{¶9} Although Mr. Weems has sought review of his sentence on the ground that it is unfair, there are two major impediments to the relief that he seeks. The first is the fact that, according to his brief, Mr. Jones was tried, convicted and sentenced *after* Mr. Weems. That means that the record before us on appeal in Mr. Weems' case does not, and could not, contain evidence of the sentence received by Mr. Jones. The only reference to Mr. Jones' sentence is found in the discussion in Mr. Weems' appellate brief. As a result, this Court has nothing with which to compare Mr. Weems' sentence. The second impediment is that, although Mr. Weems challenges the sentence imposed by the trial court, he has failed to include the presentence investigation ("PSI") report in the record on appeal.

{¶10} Our Court has addressed this issue in the past. In *State v. Zeffer*, 9th Dist. Nos. 19893, 19963, 2000 WL 1825092 (Dec. 13, 2000), we faced a challenge to the severity of a sentence imposed by the trial court. The record before us demonstrated that the court had ordered a PSI report. However, the PSI report was not included in the record when the sentence was appealed. We held that, where a presentence investigation report was requested by the trial court, there exists a presumption that the court utilized it in imposing sentence. Because the appellant failed to include it in the record, we could not properly review the court's sentence, as we did not have before us the information the trial court had before it when the sentence was

imposed.  As a result, we presumed the validity of the sentence and affirmed the trial court's judgment. *See generally Zeffer*, quoting *State v. Cox*, 9th Dist. No. 19773, 2000 WL 372317, *2 (Apr. 12, 2000.)

{¶11} Here, as in *Zeffer* and *Cox*, the trial court ordered a PSI report.  Prior to sentencing, the trial court inquired as to whether Mr. Weems' attorney had the opportunity to read the report, and if he had "[a]ny comments, modifications, [or] corrections[.]"  Mr. Weems' attorney responded that he had none.

{¶12} R.C. 2951.03(A)(1) provides the contours of a PSI report.  The information provided includes (1) an inquiry into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, (2) all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and (3) any other matter specified in Crim.R. 32.2. Additionally, a PSI may include: (1) a physical and mental examination of the defendant, including a drug test, and (2) a victim impact statement.  *See State v. Vitt*, 9th Dist. No. 11CA0071-M, 2012-Ohio-4438, ¶ 13.

{¶13} Mr. Weems has argued that the fact that the trial court did not reference any significant transgressions at sentencing suggests that no troubling factors existed in the PSI report.  To adopt that argument, however, would require us to ignore our precedent which holds that the report must be included in the record for our review.  It would also set a requirement that the sentencing judge articulate each factor in the PSI report that he or she relied upon.  We have not done so in the past, and are disinclined to do so now.  Rather, we must follow our well established precedent as set forth above.

**{¶14}** Further, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ross*, 9th Dist. No. 12CA0007, 2013-Ohio-522, ¶ 6, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. As such, we cannot decide this appeal on the basis of whether Mr. Jones received a lesser sentence than Mr. Weems, because evidence of Mr. Jones' sentence is not part of the trial court's proceedings or the record on appeal. Mr. Weems has not provided this Court with an adequate record, and because the record before us does not, and could not, contain the co-defendant's sentence, we cannot properly review the sentence imposed by the trial court. As such, we must presume the validity of the trial court's sentencing in this matter.[1]

**{¶15}** Notwithstanding the foregoing, the argument raised in Mr. Weems' brief is not insubstantial. It is for the benefit of the justice system that judges and prosecutors cooperate with regard to recommended sentences for criminal defendants who accept personal responsibility and cooperate with the State in the prosecution of other crimes. Both judges and prosecutors are in the business of promoting justice. When a defendant has accepted responsibility for his own role in criminal activity, and cooperated with the State in an effort to facilitate the prosecution of a co-defendant, justice requires trial courts to respect the State's recommendation for leniency lest others become dissuaded from cooperating. The trial court's willingness to respect a request for leniency by the State can only serve to incentivize others to cooperate, thereby facilitating the ends of justice. The implications of discouraging individuals from cooperating with police investigations do not escape the attention of this Court and we would encourage sentencing

---

[1] We note that nothing in this decision should be read to preclude post-conviction review by this Court, where appropriate, of matters de hors the record.

judges to bear these interests in mind. While the criminal allegations against him are extremely serious, guided by the counsel of his family and his attorney, Mr. Weems absolutely did the right thing in surrendering to the authorities.

{¶16} Having reviewed the trial court's colloquy, it appears that the court took into consideration Mr. Weems' voluntary confession, and that he took responsibility for his crimes, testified against Mr. Jones, and did not brandish a weapon. Additionally, the trial court acknowledged that Mr. Weems is twenty-years old, and that his attorney put him in the best possible position he could be in for purposes of sentencing. The trial court also stated that, in determining Mr. Weems' sentence, it took into consideration the facts and circumstances of the case, relevant sentencing factors, seriousness and recidivism factors, and all other relevant material.

{¶17} The trial court's colloquy stated, in part, as follows:

* * *

Your case has been with me for quite [some time]. I appreciated the fact that you took responsibility for this case when you [pled] * * * You had the courage to come in and testify in the case, and I know that was not an easy thing to do.

One of the things that I've also considered in this case is how you were basically on a 36-hour free-for-all. You put someone's life at risk by having a weapon on you. I do want to note, however, though, you did not pull it out on him.

You have to understand that in this particular case, regarding the felony of the first degree, you face a period of incarceration of three up to [eleven] years; on the felony of the second degree, two to eight years, and the one-year firearm specification. So you're looking at a prison term that you could be behind bars for a very long time.

Your attorney has done a remarkable job for you. He has put you, I think, in the best position that you possibly can be in.

And one thing, Mr. Weems, as I watched the video during the trial, watching you and Mr. Jones on video, and seeing that you're 20 years old, I looked at that video and I thought to myself does he even understand the consequences of what he is doing right now.

> But, Mr. Weems, there are consequences for your actions, for all of our actions, and with that, based on the facts and circumstances of this case, consideration of the relevant sentencing factors, and applying the minimum sanctions that I believe will * * * protect the public and punish you without imposing an unnecessary burden on the state or local resources, based on the seriousness and recidivism factors that I have reviewed in this case and all other relevant material, on Count One, the charge of aggravated robbery, I am imposing a sentence of seven years to the Ohio Department of Rehabilitation and Corrections.
>
> * * *

{¶18} Even if the impediments to our review referenced above could be overcome, we would be hard pressed to find that the trial court abused its discretion in imposing Mr. Weems' sentence. We again are guided by our precedent that "[w]hen applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *State v. Davis*, 9th Dist. No. 12CA010256, 2013-Ohio-846, ¶ 6, citing *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993). *See also State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 14,17 (wherein the Supreme Court of Ohio sets forth the two-step approach for reviewing felony sentencing: (1) determine whether the trial court adhered to all applicable rules and statutes in imposing the sentence, and (2) determine whether the trial court abused its discretion).

{¶19} Therefore, based upon the limited record before us, we cannot say that the trial court abused its discretion in sentencing Mr. Weems to eight years of imprisonment.

{¶20} Accordingly, Mr. Weems' assignment of error is overruled.

### III.

{¶21} In overruling Mr. Weems' sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.