[Cite as *State v. Maynard*, 2014-Ohio-3978.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0045-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMIE L. MAYNARD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13 CR 0106 |

DECISION AND JOURNAL ENTRY

Dated: September 15, 2014

CARR, Judge.

{¶1}   Appellant, Jamie Maynard, appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   This matter arises out of Maynard's unauthorized use of a credit card belonging to her mother and stepfather.  Maynard admitted to law enforcement that her illicit use of the card stemmed from an issue with substance abuse.  On February 14, 2013, the Medina County Grand Jury indicted Maynard on one count of receiving stolen property.  After initially pleading not guilty to the charge, Maynard appeared for a change-of-plea hearing and entered a plea of no contest.  The trial court found Maynard guilty and requested a presentence investigation report. The trial court subsequently sentenced Maynard to a ten-month term of incarceration.

{¶3}   On appeal, Maynard raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADEQUATELY CONSIDER REQUIRED STATUTORY SENTENCING FACTORS IN IMPOSING A PRISON SENTENCE OF TEN (10) MONTHS ON THE DEFENDANT, WHERE DEFENDANT COOPERATED IN THE INVESTIGATION, SIGNED AN AGREEMENT WITH THE CREDIT CARD COMPANY TO REPAY THE FUNDS, AND SUCH PRISON TERM WAS NOT MANDATORY FOR HER NON-VIOLENT FELONY OF THE FIFTH DEGREE OFFENSE.

{¶4} In her sole assignment of error, Maynard argues that the trial court erred by not adequately considering the statutory sentencing factors prior to sentencing her to a ten-month term of incarceration. Although Maynard does not contest that the trial court considered the sentencing factors, she emphasizes that the trial court did not amply account for the fact that she admitted to the illegal use of the credit card, cooperated with authorities, and signed a financial responsibility form with CapitalOne causing the approximately $2000 in charges to be transferred from her mother and stepfather's account to her own account. This Court disagrees.

{¶5} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the [applicable] statutory range[.]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "This Court continues to recognize that a trial court, after proper adherence to applicable rules and statutes, retains discretion in the imposition of sentences." *State v. Jordan*, 9th Dist. Summit No. 26598, 2013-Ohio-4172, ¶ 30, citing *State v. Weems*, 9th Dist. Summit No. 26532, 2013-Ohio-2673, ¶ 18-19. In exercising that discretion, "'[a] court must carefully consider the statutes that apply to every felony case[,] * * * includ[ing] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism

of the offender.'" *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶6}    Maynard was convicted of receiving stolen property, a felony of the fifth degree. Accordingly, she was eligible for a prison term of six, seven, eight, nine, ten, eleven, or twelve months.  R.C. 2929.14(A)(5).  The trial court imposed a ten-month term of incarceration.  While Maynard notes that a prison sentence was not mandatory, she does not dispute that her sentence falls within the applicable statutory range.  Instead, she argues that the trial court failed to give adequate consideration to R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13.

{¶7}    The trial court stated in its judgment entry that it considered the record, oral statements by the parties, the victim impact statement, "as well as the principles and purposes of sentencing under [R.C.] 2929.11."  The trial court further stated that it weighed the seriousness and recidivism factors pursuant to R.C. 2929.12(B), that a prison sentence was consistent with the purposes of sentencing, and that Maynard was not amendable to an available community control sanction.  Moreover, the sentencing transcript reveals that the trial court reviewed the presentence investigation report, and expressed concern that Maynard had already been convicted of multiple felonies as an adult and served prison time.  The trial court also noted that when asked why she had previously missed scheduled drug tests, Maynard laughed and told ACS lab personnel, "Yeah, I wasn't doing all that."  When asked when she would be able to pay the $100 she owed in back drug testing fees, Maynard responded, "Good luck with that." Maynard further remarked that she did not want to deal with the trial judge anymore, and that she preferred to deal with the probation department "[b]ecause they are pushovers."  While Maynard admitted to the criminal conduct and took the steps necessary to ensure that her mother and stepfather were not financially responsible for her transgressions, there were numerous additional

considerations lending credence to the conclusion that prison time was appropriate. It follows that Maynard's assertion that the trial court failed to give adequate consideration to the relevant statutory factors is without support in the record, and the trial court did not abuse its discretion in imposing a ten-month term of incarceration.

{¶8} This assignment of error is overruled.

III.

{¶9} Maynard's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.