[Cite as *State v. Simon*, 2016-Ohio-170.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0067-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TREBOR A. SIMON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13CR0765 |

DECISION AND JOURNAL ENTRY

Dated: January 19, 2016

CARR, Presiding Judge.

{¶1} Appellant Trebor Simon appeals his sentence imposed by the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Simon pleaded guilty to one count of unlawful sexual conduct with a minor, a felony of the fourth degree; and one count of illegal use of a minor in nudity-oriented material or performance, a felony of the fifth degree. The trial court sentenced him to 12 months in prison and classified him as a Tier II sexual offender. Simon filed a timely appeal and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE SENTENCE IMPOSED BY THE TRIAL COURT IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW IN VIOLATION OF R.C. 2929.12.

{¶3} Simon argues that the trial court erred by imposing a sentence that is contrary to law and not supported by the record. This Court disagrees.

{¶4} This Court utilizes the test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, when reviewing criminal sentences. *See State v. Santamaria*, 9th Dist. Summit No. 27637, 2015-Ohio-5097, ¶ 8.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Kalish* at ¶ 26.

{¶5} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the [applicable] statutory range[.]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. In exercising that discretion, "'[a] court must carefully consider the statutes that apply to every felony case[,] * * * includ[ing] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *Kalish* at ¶ 18, fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is strikingly inconsistent with the factors, the court is presumed to have considered the statutory

factors if the sentence is within the statutory range." (Internal quotations and citations omitted.) *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶6} The trial court sentenced Simon to twelve months in prison for the fourth degree felony and to six months incarceration for the fifth degree felony, both terms which fall within the prescribed statutory range. R.C. 2929.14(A)(4) and (5). Simon does not dispute that point. As the sentence falls within the statutory range, it is not contrary to law; accordingly, the first prong of the *Kalish* test is satisfied. *See State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 6.

{¶7} Simon next argues that the sentencing court abused its discretion because the record does not support the sentence imposed. Specifically, Simon argues that the court accorded improper weight in considering the seriousness and recidivism factors enumerated in R.C. 2929.12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). R.C. 2929.12(A) in turn provides that a sentencing judge has discretion to determine the most effective means of complying with the purposes and principles of sentencing. R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E).

{¶9}   The record in this case reflects that the sentencing court considered the presentence investigation report ("PSI"), which is included in the record for our review. According to the offense summary in the PSI, the then 19-year old Simon engaged in a flirtatious online relationship with the 14-year old victim and requested that she send him nude photos. The relationship progressed to a physical one in a matter of days. When the victim showed up where he was staying early one morning, Simon engaged in sexual intercourse with her. While looking for the victim who had been reported by her parents as a runaway, the police questioned Simon. He willingly allowed the police to review messages on his phone between the victim and himself. During the course of review, the police saw a picture of a nude female who appeared to be a minor. After obtaining a warrant and reviewing all the photos on Simon's phone, the police determined that Simon possessed multiple nude photos of multiple minor females. The PSI indicated that Simon presented a high risk of offending based on his Ohio Risk Assessment System score. Finally, the PSI indicated that the victim suffered great emotional and psychological harm as a result of the sexual conduct with Simon.

{¶10}   The trial court noted that Simon had a lengthy juvenile record, including multiple domestic violence offenses. It further noted that Simon had violated the restrictions of house arrest during the pendency of this case, that he failed to report for three successive weeks to his bond reporting officer, and that he was charged with theft while on bond for the instant matter. The State informed the court that Simon had also failed to comply with the court's order that he be tested for sexually transmitted diseases. The trial court opined that Simon would not likely comply with any restrictions imposed as part of his sentence given his failure to comply with his bond restrictions prior to sentencing.

**{¶11}** Arguing for the imposition of community control, defense counsel asserted that Simon's sexual offender registration requirements would offer strong protections for the community. The trial court distinguished the civil nature of sexual offender classifications from sentences for criminal offenses, and ultimately rejected defense counsel's recommendation. Although sexual offender registration requirements are designed with community safety in mind, the trial court was not unreasonable in this case in refusing to accord those civil restrictions much weight, particularly given Simon's lack of compliance with other court orders and restrictions imposed during the pendency of this case.

**{¶12}** Simon did not allocute to the crimes. At sentencing, he admitted that he knew what he did was wrong, although he asserted that he did not know that the victim was fourteen.

**{¶13}** Based on this Court's review of the record, we conclude that the trial court was not unreasonable in its weighing of the seriousness and recidivism factors in R.C. 2929.12. The information in the PSI, which Simon did not dispute, indicated a history of establishing contact with young teenage females and requesting nude pictures. Although Simon did not invite the victim to his home on the day of the sexual conduct, he had gone to her apartment complex the evening before and engaged in sexual contact with her before getting caught by the apartment manager. In addition, he encouraged the victim to participate in a romantic relationship with him. Furthermore, Simon had a lengthy juvenile record, frequently violated conditions and restrictions of his bond, and was charged with a new offense while the instant matter was pending. Upon review, we cannot say that the sentencing court abused its discretion in imposing a mid-range sentence for the fourth degree felony and the minimum sentence for the fifth degree felony. Simon's assignment of error is overruled.

III.

**{¶14}** Simon's sole assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and WILLIAM L. HANEK, Assistant Prosecuting Attorney, for Appellee.