DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Andrew Daniels, appeals his conviction out of the Elyria Municipal Court. This Court affirms.
 I. {¶ 2} On September 1, 2008, Daniels was cited by the Elyria Police Department for failure to signal a turn in violation of R.C. 4511.39(A), a minor misdemeanor. He was personally served with summons the same day. The case was assigned to the docket of the Honorable John Musson.
 {¶ 3} On September 8, 2008, Daniels filed a motion to dismiss. On October 1, 2008, the Honorable Lisa Locke Graves signed an order on behalf of Judge Musson, denying Daniels' motion to dismiss. The order stated that Daniels had also invoked his right to a speedy trial. Trial was scheduled for October 9, 2008. *Page 2 
 {¶ 4} On October 2, 2008, Daniels filed a document captioned "Ruling of Judge Lisa Graves is Without Merit and Authority," effectively moving to vacate the October 1, 2008 order denying his motion to dismiss on the grounds that Judge Graves lacked the authority to issue the order. Judge Musson vacated the October 1, 2008 order on October 9, 2008, and ordered that Daniels' motion to dismiss would be heard in conjunction with trial.
 {¶ 5} The day before trial, the City moved to continue the trial because the police officer was unavailable. The trial court granted a continuance and rescheduled the matter for a bench trial on October 16, 2008. On October 16, 2008, the trial court issued an order, denying Daniels' original motion to dismiss and his subsequent oral motion to dismiss for speedy trial violation. At the conclusion of trial, the court found Daniels guilty of the signal violation and imposed a fine and costs. Daniels filed a timely appeal, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED ANOTHER JUDGE TO TAKE OVER THIS CASE FOR JUDGE MUSSON IN HIS ABSENT ON THAT DATE AND RULE IN A PREJUDICE MANNER AGAINST APPELLANT." (sic)
 {¶ 6} Daniels argues that he was prejudiced by Judge Graves' ruling on his motion to dismiss. This Court disagrees.
 {¶ 7} Daniels admits that Judge Musson vacated Judge Graves' October 1, 2008 order, which denied his motion to dismiss. Judge Musson, the judge assigned to the case, ultimately ruled on Daniels' motion after a hearing. Accordingly, Daniels' first assignment of error is overruled as moot. *Page 3 
 ASSIGNMENT OF ERROR II "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REFUSED TO DISMISS THE CASE PURSUANT TO [R.C.] 2945.71 SPEEDY TRIAL."
 {¶ 8} Daniels argues that the trial court erred by denying his motion to dismiss based on a violation of his right to speedy trial. This Court disagrees.
 {¶ 9} "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." State v. Downing, 9th Dist. No. 22012,2004-Ohio-5952, at ¶ 36. See, also, State v. Hamlet, 9th Dist. No. 04CA008527, 2005-Ohio-3110, at ¶ 15.
 {¶ 10} The right to a speedy trial by the State is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. Klopfer v. North Carolina (1967), 386 U.S. 213,222-223. The same right is conferred upon a criminal defendant by Section 10, Article I, Ohio Constitution. State v. O'Brien (1987),34 Ohio St.3d 7, 8. A criminal defendant may waive his right to a speedy trial only if it is knowingly, voluntarily and intelligently made.State v. Adams (1989), 43 Ohio St.3d 67, 69. The waiver must also be expressed in writing or made in open court on the record. State v.King (1994), 70 Ohio St.3d 158, syllabus. In this case, Daniels did not waive his right.
 {¶ 11} R.C. 2945.71 et seq. is an enforcement mechanism to ensure the upholding of the constitutional right to a speedy trial. State v.Pachay (1980), 64 Ohio St.2d 218, syllabus. R.C. 2945.71 dictates the time limits in which a defendant must be brought to trial. R.C. 2945.71(A) provides that "[a] person against whom a charge *** of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of *Page 4 
summons." R.C. 2945.71(E) addresses the computation of time and provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Time is calculated to run the day after the date of arrest. State v.Friedhof (July 10, 1996), 9th Dist. No. 2505-M, citing State v.Steiner (1991), 71 Ohio App.3d 249, 250-51. See, also, Crim. R. 45(A). In this case, Daniels did not spend any time in jail in lieu of bail. Accordingly, each day counts merely as one day for time computation.
 {¶ 12} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled.
 {¶ 13} R.C. 2945.72(H) provides that the statutorily prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion. See, also, Hamlet at ¶ 18. In addition, this Court has held that the time in which a trial court is required to bring a criminal defendant to trial is effectively extended, or tolled, when the defendant files a motion to dismiss until the time when the trial court denies the motion. State v. Hughes, 9th Dist. No. 02CA008206, 2003-Ohio-5045, at ¶ 15, citing State v. Bickerstaff (1984),10 Ohio St.3d 62, 67. Furthermore, R.C. 2945.72(E) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay necessitated by reason of a *** motion, proceeding, or action made or instituted by the accused."
 {¶ 14} In this case, Daniels was served with the summons on September 1, 2008. He filed a motion to dismiss on September 8, 2008, thereby tolling time until the trial court purportedly ruled on the motion on October 1, 2008. At this point, only 7 days had elapsed. *Page 5 
Time ran for one additional day from October 1, 2008, until October 2, 2008, when Daniels filed a motion to vacate the October 1, 2008 order. This motion tolled time pursuant to R.C. 2945.72(E). The trial court disposed of Daniels' motion to vacate, which reactivated the motion to dismiss. The trial court ruled on Daniels' motion to dismiss on October 16, 2008, at which time only 8 days had elapsed. Daniels' trial commenced the same day, well within the 30 days allowed in which the City had to bring him to trial. Daniels' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE COURT ERRED AND ABUSED IT'S (sic) DISCRETION WHEN IT GRANTED THE PROSECUTOR['S] MOTION TO CONTINUE THE CASE SIXTEEN (16) HOURS BEFORE THE TRIAL DATE AND SUCH MOTION WAS GRANTED SUA SPONTE TO THE PREJUDICE OF THE APPELLANT AND WITHOUT PROPER NOTICE TO HIM ALL TO HIS PREJUDICE."
 {¶ 15} Daniels argues that the trial court abused its discretion by granting the City's motion to continue trial. This Court disagrees.
 {¶ 16} This Court has set forth the applicable standard of review as follows:
 "The Supreme Court of Ohio has held that the grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. In making that decision, the trial court must weigh all competing considerations. Id. at 67-69. The trial court must balance any potential prejudice to the defendant against the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. Id. at 67. When reviewing a decision that has been entrusted to the discretion of the trial court an appellate court may not substitute its judgment for that of the trial court. State v. Finnerty (1989), 45 Ohio St.3d 104, 107-08. *** Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157-58." (Internal quotations omitted.) State v. Burson (Apr. 19, 2000), 9th Dist. No. 99CA0017.
 {¶ 17} The City filed a motion to continue trial upon discovering that the police officer necessary for the prosecution of the case would not be available to attend trial on the date *Page 6 
scheduled due to his participation in mandatory training. Daniels does not specify how he was prejudiced by the one week continuance of trial. Under those circumstances, this Court cannot say that the trial court abused its discretion by granting the City's motion to continue trial upon balancing the potential prejudice to Daniels against the court's right to control its docket and the public interest in the efficient dispatch of justice. Daniels' third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "THE COURT ERRED AND ABUSED IT'S (sic) DISCRETION WHEN IT ALLOWED THE POLICE OFFICER TO LIE ON THE STAND UNDER OATH."
 {¶ 18} Daniels argues that the trial court erred by admitting perjured testimony. This Court disagrees.
 {¶ 19} Daniels' argument in this regard consists of one sentence:
 "The Ninth District Court of Appeals can determine from the transcript of the police officer and the questions that I asked him that he lied under oath and the court and the prosecutor allowed this to happen all to the prejudice of the appellant and his right to due process."
 {¶ 20} There is no transcript of the trial in the record before this Court. Daniels' docketing statement indicates both that the record will consist of "ONLY the original papers, exhibits, a certified copy of the docket and journal entries, and any transcripts of proceedings that were filed in the trial court prior to final judgment" and "a statement of the evidence of proceedings pursuant to App. R. 9(C) or an agreed statement of the case pursuant to App. R. 9(D)." No transcript of proceedings was filed in the trial court prior to final judgment, and the record contains no App. R. 9 statements.
 {¶ 21} Daniels, as the appellant, is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. Specifically, it is an appellant's *Page 7 
duty to transmit the transcript of proceedings. App. R. 10(A); Loc. R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 22} "This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete." Lunato v.Stevens Painton Corp., 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11, citing Ruf v. Ruf, 9th Dist. No. 23813, 2008-Ohio-663, at ¶ 6, quoting Loc. R. 5(A). Daniels failed to ensure that the transcript of the trial was contained in the record on appeal. Because the transcript is necessary for a determination of Daniels' assignment of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See Knapp, 61 Ohio St.2d at 199. Daniels' fourth assignment of error is overruled.
 III. {¶ 23} Daniels' assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J., MOORE, P. J. CONCUR *Page 1