[Cite as *State v. Unik*, 2012-Ohio-307.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA009996 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAUL A. UNIK, JR. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 09CR078906 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2012

CARR, Presiding Judge.

{¶1}   Paul Unik, Jr. appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On August 26, 2009, Unik was indicted by the Lorain County Grand Jury on one count of theft in Case No. 09CR078906.  His case was subsequently consolidated with Case Nos. and 09CR079260 and 09CR078947 and the matter proceeded under Case No. 09CR078906.  On May 11, 2010, Unik appeared in the trial court and entered a plea of guilty to seventeen theft offenses, as well as one count of engaging in a pattern of corrupt criminal activity.  Unik received an aggregate four-year sentence, which the trial court ordered to be served consecutively to a prison sentence Unik received for a conviction in Medina County.

{¶3}   On March 14, 2011, Unik filed a motion for judicial release in Case No. 09CR078906.  On March 23, 2011, the trial court issued a journal entry denying the motion.

Inexplicably, the trial court issued a journal entry on March 30, 2011, indicating that a hearing would be held on Unik's motion for judicial release on April 25, 2011. Subsequently, on April 25, 2011, the trial court issued a journal entry noting that a hearing had been held and that the motion was denied.

{¶4}   Unik filed a notice of appeal on May 17, 2011. On appeal, he raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

TRIAL COURT ERRED WHEN IT BREACHED THE CONTRACT WITH APPELLANT FOR JUDICIAL RELEASE[.]

{¶5}   In his sole assignment of error, Unik argues that the trial court erred in denying his motion for judicial release when he had made a plea agreement that he would be granted judicial release after six months. This Court disagrees.

{¶6}   This Court must first determine whether it has jurisdiction to consider this matter. Generally, the denial of a motion for judicial release is not a final, appeal order. *State v. Woods*, 141 Ohio App.3d 549, 550 (9th Dist.2001). In interpreting the Supreme Court of Ohio's decision in *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, however, this Court held that an exception to the general rule exists under circumstances where the defendant's argument is that the State breached the plea agreement. *State v. Jimenez*, 9th Dist. No. 24609, 2009-Ohio-4337, at ¶ 6. As Unik appeals on the basis that the denial of his motion for judicial release constituted a breach of his plea agreement, this Court has jurisdiction to consider his appeal. *Id.*

{¶7}   In support of his assignment of error, Unik asserts that he entered a plea of guilty with the understanding that he would receive a four-year prison sentence with judicial release as

provided by R.C. 2929.20 after serving six months. The State, in response, argues that Unik never reached a plea agreement with the State and that the trial court properly denied his motion. This Court has repeatedly held that "it is the duty of the appellant to ensure that the record on appeal is complete." *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, at ¶ 22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶ 11. "Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court." *State v. Jones*, 9th Dist. No. 22701, 2006-Ohio-2278, at ¶ 39, citing *State v. Vonnjordsson*, 9th Dist. No. 20368, 2001 WL 753273, (July 5, 2001). Here, Unik has not provided this Court with the transcript from the plea hearing, nor has he provided this Court with the transcript from the hearing on his motion for judicial release. It follows that this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. *See Jones* at ¶ 39.

{¶8} The assignment of error is overruled.

III.

{¶9} Unik's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

PAUL UNIK, JR., pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.