[Cite as *State v. Foster*, 2012-Ohio-4199.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO

    Appellee

    v.

RYAN S. FOSTER

    Appellant

C.A. No.    11CA0114-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    11-CR-0297

DECISION AND JOURNAL ENTRY

Dated: September 17, 2012

CARR, Judge.

{¶1} Appellant, Ryan Foster, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This case arises out an incident on June 1, 2011, where Ryan Foster entered an apartment and brutally attacked Michael Davis. On June 8, 2011, the Medina County Grand Jury indicted Foster on numerous charges stemming from the incident. Christine Dettweiller was also indicted in relation to the incident. After initially pleading not guilty to all of the charges at arraignment, Foster subsequently entered a plea of guilty to attempted murder, aggravated burglary, and tampering with evidence. The trial court sentenced Foster to a ten-year prison term for attempted murder, a three-year prison term for aggravated burglary, and a three-year prison term for tampering with evidence. The prison terms for attempted murder and tampering with

evidence were ordered to run concurrently with each other but consecutively to the prison term for aggravated robbery, for a total prison sentence of 13 years.

{¶3}    Foster has timely appealed and raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE MAXIMUM SENTENCES, IN VIOLATION OF THE SENTENCING STATUTES, AS REQUIRED UNDER STATE V. FOSTER OR UNDER HOUSE BILL 86.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A THIRTEEN YEAR PRISON TERM UNDER SECTION 2929.11 OF THE OHIO REVISED CODE, FOR THE CONVICTION OF ATTEMPTED MURDER, AGGRAVATED BURGLARY AND TAMPERING WITH EVIDENCE, WHEN THE CO-DEFENDANT RECEIVED A LESSER SENTENCE FOR SIMILAR CONDUCT AND SIMILAR CRIMES, AS WELL AS MORE SERIOUS CRIMES.

{¶4}    In his first assignment of error, Foster raises several challenges to the trial court's decision to impose maximum, consecutive sentences.  In his second assignment of error, Foster argues that his total sentence was disproportionate to the sentence imposed on Christine Dettweiler, who accompanied Foster to the apartment on the day of the incident.  This Court disagrees.

{¶5}    The Ohio Supreme Court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  Trial courts must still consider the statutes applicable to felony cases, including R.C. 2929.11, regarding the purposes of sentencing, and R.C. 2929.12, delineating factors relating to the

seriousness of the offense and the offender's likelihood of recidivism. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶6} After *Foster*, the Ohio Supreme Court, in a plurality opinion, developed a two-step analysis for reviewing sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. The *Kalish* court held:

> First, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

*Id*. at ¶ 4.

{¶7} The trial court indicated in its judgment entry that it considered the factors set forth in R.C. 2929.11 and R.C. 2929.12 prior to imposing sentence. At the beginning of the hearing, the trial court allowed ample time for defense counsel, Foster, the victim, and the State to make statements on the record. While Foster argues in his brief that the trial court did not make findings in support of its decision to impose maximum, consecutive sentences, the Supreme Court of Ohio has held that it is not required to do so. *Foster*, 109 Ohio St.3d at paragraph seven of the syllabus. Foster pleaded guilty to attempted murder and aggravated burglary, both felonies of the first degree, as well as tampering with evidence, a felony of the third degree. The sentences imposed by the trial court on each respective count fell within the statutory ranges set forth in R.C. 2929.14(A)(1), which governs felonies of the first degree, and

R.C. 2929.14(A)(3)(b), which governs with felonies of the third degree. Thus, Foster cannot prevail on his claim that his sentences were clearly and convincingly contrary to law.[1]

{¶8} We further note that the Supreme Court has held that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or even give their reasons for imposing maximum, consecutive, or more than minimum sentences." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, ¶ 11, quoting *Foster* at paragraph seven of the syllabus. "At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * *." *State v. Bennett*, 9th Dist. No. 26241, 2012-Ohio-3664, ¶ 23, quoting R.C. 2929.19(B)(1). At the close of Foster's plea hearing, the trial court indicated that it set the matter for presentence investigation. At the beginning of the sentencing hearing, the trial judge stated on the record that he had read the presentence investigation report. However, while it is apparent from the transcript of the sentencing hearing that a presentence investigation report was prepared

---

[1] We note that the language in the trial court's sentencing entry varied from what was stated at the sentencing hearing in regard to which sentence would run consecutively to the prison sentence for attempted murder. Foster was given a three-year prison term for both aggravated burglary and tampering with evidence. The sentencing entry indicated that it was the aggravated burglary prison term, instead of the tampering with evidence prison term, that was ordered to run consecutively to the attempted murder sentence, while the tampering sentence was ordered to run concurrently. It is well-settled that "a trial court speaks only through its journal entries." *State v. Leason*, 9th Dist. No. 25566, 2011-Ohio-6591, ¶ 8. Here, the terms of Foster's sentence were set forth in the judgment entry issued by the trial court on November 17, 2011. *See State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11. Moreover, in this particular case, the prison sentence imposed by the trial court with respect to each offense mirrored what was stated on the record at the sentencing hearing. The total length of the prison sentence in the sentencing entry also mirrored what was stated on the record at the sentencing hearing. Thus, to the extent that the trial court erred by transposing the offenses at the sentencing hearing, the error was harmless.

in this case, it does not appear in the record before this Court. If a presentence investigation report is prepared, "there is a presumption that the trial court utilized it in imposing sentence." *Bennett* at ¶ 24, citing *State v. Cox*, 9th Dist. No. 19773, 2000 WL 372317 (Apr. 12, 2000). Moreover, this Court has repeatedly held that "it is the duty of the appellant to ensure that the record on appeal is complete." *State v. Unik*, 9th Dist. No. 11CA009996, 2012-Ohio-307, ¶ 7, quoting *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, ¶ 22. Without the presentence investigation report, this Court is unable to properly review the trial court's sentencing decision, so we must presume the validity of the trial court proceedings. *Bennett* at ¶ 24, citing *Cuyahoga Falls v. James*, 9th Dist. No. 21119, 2003-Ohio-531, ¶ 9.

{¶9} It follows that Foster's first and second assignments of error are overruled.

III.

{¶10} Foster's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and WILLIAM L. HANEK, Assistant Prosecuting Attorney, for Appellee.