[Cite as *State v. Watson*, 2013-Ohio-3392.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 12CA0082-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AARON R. WATSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12CR0025 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2013

MOORE, Presiding Judge.

{¶1}   Defendant-Appellant, Aaron Watson, appeals from his sentence and conviction as set forth in the September 12, 2012 judgment entry of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In November of 2011, Mr. Watson sold cocaine on two separate occasions to undercover police officers in the Medina County Drug Task Force.  Mr. Watson was indicted for Trafficking in Drugs (Cocaine, Sch. II), in violation of R.C. 2925.03(A)(1)/(C)(4)(a), and Trafficking in Drugs (Cocaine, Sch. II, in the Vicinity of a Juvenile), in violation of R.C. 2925.03(A)(1)/(C)(4)(d).

{¶3}   Mr. Watson pleaded not guilty to all charges, and waived his right to a jury trial. After hearing testimony from Officers Darren Stout and Eric Bors, the trial court found Mr.

Watson guilty on both drug trafficking charges, but concluded that there was reasonable doubt as to whether Mr. Watson sold cocaine to the officers in the vicinity of a juvenile.

{¶4} The trial court sentenced Mr. Watson to six-months of imprisonment on the first count of drug trafficking, to run concurrently with thirty-six months of imprisonment on the second count of drug trafficking, and also to run concurrently with his previous sentence for burglary.

{¶5} Mr. Watson appealed, setting forth two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM SENTENCE, FOR A FELONY OF THE THIRD DEGREE, IN VIOLATION OF THE SENTENCING STATUTES, AS REQUIRED UNDER [*STATE V. FOSTER*, 109 Ohio St.3d 1, 2006-Ohio-856].

{¶6} In his first assignment of error, Mr. Watson argues that the trial court abused its discretion in imposing a maximum sentence of thirty-six months for the offense of Trafficking in Drugs (Cocaine, Sch. II), a felony of the third degree. Specifically, Mr. Watson argues that the trial court failed to follow the holding in *Foster* because it does not reference R.C. 2929.12(A) in its sentencing entry.

{¶7} The record indicates that the trial court ordered a pre-sentence investigation ("PSI") report prior to Mr. Watson's sentencing. However, the PSI report was not made part of the record on appeal. In *State v. Foster*, 9th Dist. Medina No. 11CA0114-M, 2012-Ohio-4199, ¶ 8, this Court stated that, "[i]f a presentence investigation report is prepared, 'there is a presumption that the trial court utilized it in imposing a sentence.'" *Id*. quoting *State v. Bennett,* 9th Dist. Summit No. 26241, 2012-Ohio-3664, ¶ 24, citing *State v. Cox,* 9th Dist. Summit No. 19773, 2000 WL 372317 (Apr. 12, 2000). Moreover, this Court has often held that "it is the duty

of the appellant to ensure that the record on appeal is complete." *State v. Unik,* 9th Dist. Lorain No. 11CA009996, 2012-Ohio-307, ¶ 7, quoting *State v. Daniels,* 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22. Without the PSI report, this Court is unable to properly review the trial court's sentencing decision, so we must presume the validity of the trial court's proceedings. *Bennett* at ¶ 24, citing *Cuyahoga Falls v. James,* 9th Dist. Summit No. 21119, 2003-Ohio-531, ¶ 9.

**{¶8}** Notwithstanding the foregoing, R.C. 2929.14 (A)(3)(b) states "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Mr. Watson's sentence clearly falls within the statutory range, and, therefore, is not contrary to law. Further, this Court has repeatedly held that "'[i]f a sentence is within the statutory range for the particular offense, it is presumed that the [trial] court considered the relevant statutory sentencing factors. A silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12.'" *State v. Estright*, 9th Dist. Summit No. 24401, 2009-Ohio-5676, ¶ 60, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34.

**{¶9}** Accordingly, Mr. Watson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT ERRED WHEN THE JUDGMENT ENTRY REFLECTED [MR. WATSON] WAS GUILTY OF TRAFFICKING IN DRUGS, COCAINE, [SCHEDULE II], IN THE VICINITY OF A JUVENILE, A FELONY OF THE THIRD DEGREE, WHEN THE COURT MADE SPECIFIC FINDINGS THAT THERE WAS REASONABLE DOUBT THAT THE TRANSACTION OCCURRED IN THE VICINITY OF A JUVENILE.

**{¶10}** In his second assignment of error, Mr. Watson argues that because the trial court found that there was reasonable doubt regarding whether the drug transaction occurred in the vicinity of a juvenile, the sentencing entry finding him guilty of Trafficking in Drugs (Cocaine,

Sch. II), in violation of R.C. 2925.03(A)(1)/(C)(4)(d), should not include the language "in the Vicinity of a Juvenile[.]"

{¶11} Prior to rendering judgment, the trial court stated:

The Court is not convinced beyond a reasonable doubt that it was the same group of children that [the officers] saw before and [after the drug transaction]. The officers saw children there before, saw children afterwards, but when the actual— when the events were occurring, the transaction was occurring, I'm not convinced beyond a reasonable doubt that it was those same children. There were children coming in and going out throughout this apartment complex and in the parking lot even at this late hour, at the time when the actual event occurred. I'm not convinced beyond a reasonable doubt that those children were present there throughout the entire transaction. The officers could not, and rightfully did not, have their attention focused on them at the time. There was [sic.] no other third officers present to be able to say that those children stayed during the period of time that the transaction occurred.

So although I do believe that [Mr. Watson] is guilty of the two offenses, I am not convinced beyond a reasonable doubt that it was within the vicinity of children.

{¶12} It is clear from the record that the trial court did not intend to include the language "in the Vicinity of a Juvenile" in its judgment entry, and that it is a clerical error. However, in spite of this clerical error, the trial court correctly sentenced Mr. Watson to a *third degree felony*, which is consistent with its finding that the drug transaction did *not* occur in the vicinity of a juvenile.[1] As such, even if the trial court erred in including this language, we conclude that it is harmless error because it does not affect any of Mr. Watson's substantial rights. *See* Crim.R. 52(A) (stating that any error that does not affect substantial rights shall be disregarded). *See also State v. Caldwell*, 9th Dist. Summit No. 26306, 2013-Ohio-1417, ¶ 11. Further, nothing in this decision should be read to foreclose Mr. Watson from filing a Crim. R. 36 motion requesting that the trial court correct the error in its judgment entry.

---

[1] R.C. 2925.03(A)(1)/(C)(4)(d) indicates that Trafficking in Drugs (Cocaine, Sch. II in the Vicinity of a Juvenile) is a second degree felony.

{¶13}  Accordingly, Mr. Watson's second assignment of error is overruled.

III.

{¶14}  In overruling Mr. Watson's two assignments of error, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

{¶15} I concur in the majority's judgment with respect to the resolution of Mr. Watson's first assignment of error and dissent with respect to the resolution of Mr. Watson's second assignment of error. I agree that Mr. Watson's first assignment of error should be overruled given the absence of the presentence investigation in the record. However, I would sustain Mr. Watson's second assignment of error to the extent that the trial court committed a typographical error, and I would remand the matter for correction of the sentencing entry. *See State v. Brown*, 10th Dist. Franklin No. 03AP-130, 2004-Ohio-2990, ¶ 121-127.

<u>APPEARANCES:</u>

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.