[Cite as *State v. Berkenstock*, 2013-Ohio-4576.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. Nos.    26721 |
| | 26815 |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DOUGLAS E. BERKENSTOCK | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE Nos.    CR 12 08 2444 |
| | CR 09 05 1446 |

DECISION AND JOURNAL ENTRY

Dated: October 16, 2013

---

BELFANCE, Presiding Judge.

{¶1}   Defendant-Appellant Douglas Berkenstock appeals from his sentencing entries issued in the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm.

I.

{¶2}   After having pleaded guilty, on July 14, 2009, Mr. Berkenstock was sentenced to 12 months in prison for violating R.C. 2917.21(A)(3)/(A)(4), the statute prohibiting telecommunications harassment, a felony of the fifth degree, and 18 months in prison for violating R.C. 2903.211(A)(1), the statute prohibiting menacing by stalking, a felony of the fourth degree.  The sentences were to run consecutively but were suspended on the condition that Mr. Berkenstock successfully complete two years of community control.

{¶3}   In 2011, Mr. Berkenstock pleaded guilty to violating community control, but the trial court ordered that Mr. Berkenstock be allowed to remain on community control.  In August

2012, in an unrelated case involving a different victim, Mr. Berkenstock was indicted for one count of telecommunications harassment in violation of R.C. 2917.21(A)(3), a fifth-degree felony, and one count of menacing in violation of R.C. 2903.22, a fourth-degree misdemeanor. In September 2012, Mr. Berkenstock again appeared in court for another alleged community control violation involving the 2009 case. In October 2012, Mr. Berkenstock pleaded guilty to the charges in the 2012 case. In light of his guilty plea to those charges, Mr. Berkenstock also pleaded guilty to the community control violation stemming from the 2009 charges. Sentencing was continued pending a pre-sentence investigation report.

{¶4} At the November 2012 sentencing hearing, the trial court imposed the previously suspended sentence for Mr. Berkenstock's community control violation. Thus, Mr. Berkenstock received a 12-month prison term for the fifth-degree felony telecommunications harassment offense and an 18-month prison term for the fourth-degree menacing felony. In addition, Mr. Berkenstock was sentenced to 12 months in prison for telecommunications harassment and 30 days in jail for menacing based upon the charges in the 2012 indictment. The sentences in the 2012 case were to be served concurrently to each other but consecutively to the sentences in the 2009 case. Thus, between the two cases, Mr. Berkenstock was sentenced to a total of 42 months in prison.

{¶5} Mr. Berkenstock initially appealed only from the sentencing entry involving the 2012 case. Subsequently, however, Mr. Berkenstock filed a motion for a delayed appeal from the sentencing entry resolving the 2009 case, and his motion was granted. The two appeals were then consolidated. Mr. Berkenstock raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES CONTRARY TO THE NEW SENTENCING STATUTES.

{¶6} Mr. Berkenstock asserts in his first assignment of error that the trial court erred in imposing consecutive sentences. We do not agree.

{¶7} This Court reviews sentences pursuant to the two-step approach set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Id.* at ¶ 26.

{¶8} R.C. 2929.14(C)(4) states that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} "Thus, it is clear that trial courts must make certain findings prior to imposing consecutive sentences." *State v. Brooks,* 9th Dist. Summit Nos. 26437, 26352, 2013-Ohio-2169, ¶ 12. "However, while the General Assembly reenacted the portion of R.C. 2929.14 related to making factual findings prior to imposing consecutive sentences, the General Assembly did not reenact 2929.19(B)(2)(c) which required trial courts to give reasons for imposing consecutive sentences." *Id.* Thus, while trial courts are not required to explain their reasoning on the record, they are required to make the findings specified in R.C. 2929.14(C)(4) at the sentencing hearing on the record prior to imposing consecutive sentences. *See id.* at ¶ 13. "Ideally, those findings would also then be memorialized in the sentencing entry." *Id.*

{¶10} In the instant matter, the trial court made the requisite findings at the sentencing hearing. It stated:

> [B]ecause some of the offenses that occurred in this case occurred while you were on court supervision, and because it is going to be necessary to protect the public from future crime, and to punish you appropriately, and because the Court concludes that consecutive sentences are not disproportionate to the seriousness of your conduct or to the danger you * * * pose to the public, * * * the Court also concludes that consecutive sentences will be necessary in this matter.

In addition, similar findings were made in the sentencing entry. Thus, the trial court complied with the statutory requirements found in R.C. 2929.14(C)(4).

{¶11} Mr. Berkenstock does not appear to disagree with this conclusion; instead, he appears to argue that the trial court had to explain its factual findings and/or tie the findings to facts in the record. As noted above, under the current statutory scheme, trial courts are not required to provide the reasoning process behind their findings. *See Brooks,* 2013-Ohio-2169, at ¶ 13. To the extent Mr. Berkenstock is asserting that the record does not support the trial court's findings, we note that the PSI report that was completed and utilized at sentencing was not made a part of the record on appeal. *See State v. Watson,* 9th Dist. Medina No. 12CA0082-M, 2013-

Ohio-3392, ¶ 7 (reaffirming that "it is the duty of the appellant to ensure that the record on appeal is complete[]") (Internal quotations and citation omitted.). Accordingly, because the trial court complied with R.C. 2929.14(C)(4) and we are unable to evaluate the merits of Mr. Berkenstock's remaining argument due to the incomplete record on appeal, we overrule his first assignment of error.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED CONTRARY TO LAW AND ABUSED ITS DISCRETION WHEN IT IMPOSED A MAXIMUM PRISON TERM FOR A FIFTH DEGREE, NON-VIOLENT FELONY.

{¶12} Mr. Berkenstock argues in his second assignment of error that the trial court erred in imposing a maximum prison term for his convictions for fifth-degree felony telecommunications harassment in violation of R.C. 2917.21. However, the focus of Mr. Berkenstock's argument appears to be that, because he was sentenced on fifth-degree felonies that were not offenses of violence, the trial court was required to impose only community control pursuant to former R.C. 2929.13(B), the statute in effect when he was sentenced. Secondarily, Mr. Berkenstock asserts that, if it was appropriate to sentence him to prison, maximum sentences were unwarranted. It is unclear from his brief whether Mr. Berkenstock is challenging the sentence imposed for both fifth-degree felonies or only one of the fifth-degree felonies. Mr. Berkenstock does not appear to challenge the prison term imposed for the fourth-degree felony conviction.

{¶13} Even assuming that violations of R.C. 2917.21(A)(3) do not constitute offenses of violence[1], as asserted by Mr. Berkenstock, we cannot say, based upon the record before us, that

---

[1] We point out that in light of the broad definition of "offense of violence" contained within R.C. 2901.01(A)(9)(a)-(c), there is at least an argument to be made that a violation of R.C. 2917.21(A)(3) is an offense of violence.

Mr. Berkenstock has demonstrated that the trial court was required to impose community control as opposed to prison or that the actual sentence imposed was an abuse of discretion.

**2009 Fifth-Degree Felony**

{¶14} First, with respect to the sentence imposed for Mr. Berkenstock's violation of his community control sanctions, R.C. 2929.15(B)(1) authorized the trial court to sentence Mr. Berkenstock to prison. *See also* former R.C. 2929.13(B)(1)(d) ("A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer."). Moreover, absent the PSI report, this Court cannot evaluate whether sentencing Mr. Berkenstock to the maximum prison term for the violation of community control was an abuse of discretion. *See Watson,* 2013-Ohio-3392, at ¶ 7; *see also Brooks,* 2013-Ohio-2169, at ¶ 4 (noting trial courts have discretion in sentencing within the statutory range but still must consider R.C. 2929.11 and 2929.12 in fashioning a sentence). Thus, other than examining whether the term imposed upon Mr. Berkenstock was within the legally permissible statutory range for the offense, we are unable to evaluate Mr. Berkenstock's contention that the trial court nonetheless committed reversible error. *Watson* at ¶ 7.

**2012 Fifth-Degree Felony**

{¶15} With respect to Mr. Berkenstock's 2012 conviction for telecommunications harassment, due to the absence of the PSI report in the record, we again conclude we are unable to fully review the merits of Mr. Berkenstock's arguments. *See Watson* at ¶ 7. R.C. 2951.03(A)(1) states that,

[i]f a court orders the preparation of a presentence investigation report pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and any other matters specified in Criminal Rule 32.2. Whenever the officer considers it advisable, the officer's investigation may include a physical and mental examination of the defendant. A physical examination of the defendant may include a drug test consisting of a chemical analysis of a blood or urine specimen of the defendant to determine whether the defendant ingested or was injected with a drug of abuse. If, pursuant to section 2930.13 of the Revised Code, the victim of the offense of which the defendant has been convicted wishes to make a statement regarding the impact of the offense for the officer's use in preparing the presentence investigation report, the officer shall comply with the requirements of that section.

*See also State v. Weems,* 9th Dist. Summit No. 26532, 2013-Ohio-2673, ¶ 12.

{¶16} Thus, the PSI report provides the trial court with valuable information to be considered in determining the type and duration of sentence to impose. In this assignment of error, Mr. Berkenstock has not asserted that the trial court failed to make any necessary findings. Instead, Mr. Berkenstock asserts that the sentence does not comport with former R.C. 2929.13. We note that former R.C. 2929.13 is a lengthy section that involves many fact-based considerations. For example, to know whether former R.C. 2929.13(B)(1)(a) applies, this Court would have to know Mr. Berkenstock's criminal record. *See* former R.C. 2929.13(B)(1)(a)(i) ("Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply: (i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed. * * *."). In the absence of the PSI report, this Court does not have before it the entirety of Mr.

Berkenstock's criminal record. Accordingly, absent a complete record, we are unable to evaluate if the trial court's sentence was in compliance with former R.C. 2929.13. Additionally, as noted above, absent the PSI report, we likewise cannot evaluate whether imposing the maximum sentence for the 2012 conviction for telecommunications harassment was an abuse of discretion. *See Watson* at ¶ 7. Thus, we overrule Mr. Berkenstock's second assignment of error.

III.

{¶17} In light of the foregoing, we overrule Mr. Berkenstock's assignments of error and affirm the judgments of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOHN C. RAGNER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.