[Cite as *State v. Colburn*, 2016-Ohio-165.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0012-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD COLBURN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13CR0322 |

DECISION AND JOURNAL ENTRY

Dated: January 19, 2016

CARR, Presiding Judge.

**{¶1}** Appellant, Chad A. Colburn, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In May 2013, Chad Colburn was selling coupon books door to door when he burglarized a house in Wadsworth. On June 5, 2013, the Medina County Grand Jury indicted Colburn on one count of burglary, a felony of the third degree. After initially pleading not guilty at arraignment, Colburn subsequently entered a plea of no contest to the sole charge in the indictment. The trial court found Colburn guilty and ordered a presentence investigation report ("PSI"). After reviewing the PSI, the trial court sentenced Colburn to 36 months in prison. The trial court ran the prison term concurrently with a separate prison sentence imposed in the Richland County Court of Common Pleas.

**{¶3}** On appeal, Colburn raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE.

{¶4}    In his sole assignment of error, Colburn asserts that the trial court erred by sentencing him to a maximum sentence.  This Court disagrees.

{¶5}    Colburn does not dispute that his sentence is within the lawful statutory range. Rather, Colburn contends that the trial court abused its discretion when it sentenced him to a maximum 36-month sentence.  Colburn notes that the trial court never made a finding pursuant to R.C. 2929.11 pertaining to whether the sentence was the minimum sanction available to protect the public and punish the offender without unnecessarily burdening government resources.  Colburn further contends that his conduct in this case did not constitute the worst form of the offense and the record is devoid of any evidence that the trial court considered the factors set forth in R.C. 2929.12(B).

{¶6}    This Court utilizes a two-step approach when reviewing criminal sentences.  *See* *State v. Thomas*, 9th Dist. Medina No. 14CA0042-M, 2015-Ohio-2195, ¶ 9.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26.

{¶7}    The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the [applicable] statutory range[.]"  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.  In exercising that discretion, "'[a] court must carefully consider the statutes that apply to every felony case[,] * * * includ[ing] R.C.

2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶8} "Although a sentencing judge must consider the principles and purposes of sentencing in imposing a sentence, he or she is not required to make findings or give their reasons before imposing a maximum sentence." *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 21, citing *Mathis* at paragraph three of the syllabus. "[W]here the trial court does not put on the record its consideration of [R.C.] 2929.11 and R.C. 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 4, citing *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *Kalish* at ¶ 18, fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is strikingly inconsistent with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." (Internal quotations and citations omitted.) *Thrasher* at ¶ 4, quoting *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶9} In this case, the trial court sentenced Colburn to a 36-month prison term for his burglary conviction, the maximum sentence for a third degree felony of this nature. *See* R.C. 2929.14(A)(3)(b).

{¶10} A thorough review of the record reveals that the trial court did not abuse its discretion in sentencing Colburn to a maximum sentence. The trial court found that a 36-month prison term was necessary to adequately punish Colburn and to protect the public from future crime. While the trial court did not make any additional findings in its judgment entry, the court

noted that its sentencing decision was made with the benefit of a presentence investigation report. "[A] PSI report provides the trial court with valuable information to be considered in determining the type and duration of sentence to impose." *State v. Berkenstock*, 9th Dist. Summit Nos. 26721, 26815, 2013-Ohio-4576, ¶ 16. Here, the trial court reviewed the PSI and took particular note of Colburn's extensive criminal history, which dated back to 1989 and spanned across multiple Ohio counties. In addition to several drug and alcohol-related offenses, Colburn's adult history includes a bevy of theft convictions. Colburn also has felony convictions for burglary, grand theft, and forgery. During the presentence investigation, Colburn admitted that he committed the burglary to support his drug habit. The PSI further stated that the Ohio Risk Assessment System scored Colburn as a "Very High Risk Offender." While defense counsel zealously advocated for a shorter sentence, he acknowledged before the trial court that "part of the sentencing statute [] would encourage you to give him a longer sentence[.]" Given the pattern of criminal behavior that preceded the commission of the burglary in this case, we cannot say that Colburn's 36-month prison sentence was strikingly inconsistent with the sentencing factors. *Thrasher* at ¶ 4, citing *Fernandez*, 2014-Ohio-3651, at ¶ 8.

{¶11} The assignment of error is overruled.

III.

{¶12} Colburn's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SEAN BUCHANAN, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.