[Cite as *State v. Mayle*, 2019-Ohio-2685.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 CA 000032 |
| SHAWN D. MAYLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  15 CR 0104


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 28, 2019


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellee

JOEL M. BLUE                          ELIZABETH N. GABA
PROSECUTING ATTORNEY                  123 East Broad Street
JASON R. FARLEY                       Columbus, Ohio  43205
ASSISTANT PROSECUTOR
627 Wheeling Avenue
Cambridge, Ohio  43725

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Shawn D. Mayle appeals the October 9, 2018, decision of Guernsey County Court of Common Pleas denying his motion for judicial release.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On April 25, 2016, Appellant Shawn D. Mayle entered into a negotiated plea agreement with regard to two criminal cases:   15CR78 and 15CR104.  Pursuant to the plea agreement, the two cases were joined for sentencing.

**{¶4}** In 15 CR 78, Appellant pled guilty to and was convicted of one count of Possession of Cocaine, an F-3, for which he was sentenced to 12 months mandatory time, and one count of Weapons Under Disability, for which he was sentenced to 36 months non-mandatory time.

**{¶5}** In 15 CR 104, Appellant pled guilty to and was convicted of one count of Possession of Marijuana, an F-5, and was sentenced to 9 months non-mandatory time. All time was ordered to run consecutively.

**{¶6}** On April 30, 2018, Appellant filed a pro-se motion for judicial release on both cases.

**{¶7}** On May 7, 2018, the state of Ohio opposed the motion.

**{¶8}** On May 10, 2018, the trial court held a non-oral administrative review of Appellant's motion.

**{¶9}** On May 16, 2018, the trial court denied the motion.

{¶10} On September 14, 2018, Appellant, through counsel, filed a second motion for judicial release on both cases.

{¶11} On September 18, 2018, the state of Ohio opposed the motion.

{¶12} On September 27, 2018, the trial court held a non-oral administrative review of Appellant's motion.

{¶13} On October 9, 2018, the trial court denied the motion.

{¶14} Appellant now appeals, raising the following assignments of error on appeal:

## ASSIGNMENTS OF ERROR

{¶15} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR JUDICIAL RELEASE. SPECIFIC PERFORMANCE OF THE PLEA AGREEMENT AND CONTRACT BETWEEN THE JUDGE AND THE APPELLANT SHOULD BE COMPELLED. THE TRIAL COURT ACTED IN VIOLATION OF CONTRACT LAW AND APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 AND16, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶16} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR JUDICIAL RELEASE. THE JUDGE HAD INTERJECTED HIMSELF INTO THE PLEA BARGAIN PROCESS, AND APPELLANT AS A RESULT DETRIMENTALLY RELIED ON THE COURT'S PROMISES."

**I., II.**

{¶17} In his two assignments of error, Appellant argues that the trial court erred in denying his motion for judicial release. We disagree.

{¶18} R.C. §2929.20(B) states that "[o]n the motion of an eligible offender or upon its own motion, the sentencing court may reduce the eligible offender's aggregated nonmandatory prison term or terms through a judicial release under this section."

{¶19} It is well-established that the denial of a motion for judicial release is not a final appealable order. *See, e.g., State v. Bennett,* 5th Dist. Muskingum No. CT2005–0009, 2006–Ohio–2812, ¶ 15, citing *State v. Masko,* 7th Dist. Trumbull No. 2004–T0070, 2004–Ohio–5297, ¶ 2. *See, also, State v. Rowbotham,* 7th Dist. Mahoning No. 12 MA 152, 2013–Ohio–2286, ¶ 1. As the Tenth District Court of Appeals has aptly recognized, on questions of judicial release, R.C. §2929.20 "confers substantial discretion to the trial court, but makes no provision for appellate review." *State v. Lawson*, 10th Dist. Franklin No. 02AP–148, 2002–Ohio–3329, ¶ 23.

{¶20} However, courts have recognized an exception under circumstances where an Appellant argues that the State breached the terms of the plea agreement during the judicial release proceedings. *Jimenez* at ¶ 6, citing *State ex rel. Rowe v. McCown,* 108 Ohio St.3d 183, 2006-Ohio-548, ¶ 5; *see also State v. Unik*, 9th Dist. Lorain No. 11CA009996, 2012-Ohio-307, ¶ 6.

{¶21} Appellant herein is arguing that both the State and the trial court breached the contract entered into by the parties during sentencing.

{¶22} Regardless, we find that the doctrine of res judicata bars Appellant from raising these arguments in the instant appeal as these identical arguments were already

raised before the trial court in Appellant's first motion for judicial release, which Appellant did not appeal. *State v. Jennings,* Richland App.No. 01CA62, 2001-Ohio-1742.

{¶23} Accordingly, we find Appellant's First and Second Assignments of Error not well-taken and hereby overrule same.

{¶24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0620