[Cite as *State v. Peterson*, 2016-Ohio-1334.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27890 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LUKE VICTOR PETERSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 09 2954 (B) |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2016

MOORE, Presiding Judge.

{¶1} Defendant-Appellant Luke Peterson appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} After being bound over from juvenile court, Mr. Peterson was indicted on four counts of aggravated robbery, along with four accompanying firearm specifications, and one count of carrying a concealed weapon. Mr. Peterson pleaded guilty to the four counts of aggravated robbery and one firearm specification. The remaining count and specifications were dismissed. The trial court sentenced Mr. Peterson to an aggregate sentence of nine years in prison.

{¶3} Mr. Peterson has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IMPOSING
SENTENCE UPON [MR. PETERSON.]

{¶4} Mr. Peterson argues in his first assignment that the trial court erred in sentencing him to six years on each count of aggravated robbery.

{¶5} Recently, in *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court revisited the law applicable to an appellate court's review of felony sentences. The Supreme Court held that, pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. The Supreme Court acknowledged that not all felony sentences would require the findings listed in R.C. 2953.08(G)(2)(a). *Id.* at ¶ 23. In those cases, appellate courts are "to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Id.* "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

{¶6} On appeal, Mr. Peterson maintains that the trial court failed to consider R.C. 2929.12(C)(2)-(4) in imposing his sentence. At the sentencing hearing, the trial court stated that it considered the relevant sentencing factors. While it did not specifically reference R.C. 2929.12 at the hearing, it did so in its sentencing entry. Moreover, this Court has said "where the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those

statutes." (Internal quotations and citations omitted.) *State v. Beach,* 9th Dist. Summit Nos. 26021, 27124 , 2015-Ohio-3445, ¶ 46.

{¶7} In an effort to rebut this presumption and support his argument that the trial court failed to consider R.C. 2929.12(C)(2)-(4), Mr. Peterson relies upon information contained in the presentence investigation report ("PSI") and the Aid in Sentencing report. However, these documents are not part of the record on appeal, despite the fact that this Court granted Mr. Peterson's motion to supplement the record. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Yuncker,* 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Yuncker* at ¶ 17. "In cases such as this where the PSI is necessary to enable an appropriate review of the propriety of the sentence, [Mr. Peterson's] failure to ensure that the record includes the PSI requires a presumption of regularity in the sentencing proceedings." *Id.*

{¶8} Mr. Peterson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED
TO MERGE COUNTS 5, 6, 7, AND 8.

{¶9} Mr. Peterson argues in his second assignment of error that, because the aggravated robbery offenses were allied offenses, they should have merged for purposes of sentencing.

{¶10} "We apply a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination." (Internal quotations and citations omitted.) *State v. Colburne,* 9th Dist.

Summit No. 27553, 2015-Ohio-4348, ¶ 5. "In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio clarified how courts are to determine whether offenses are allied within the meaning of the statute." *Colburne* at ¶ 6. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. [Thus, t]he evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *State v. Evett*, 9th Dist. Medina No. 14CA0008-M, 2015-Ohio-2722, ¶ 36, quoting *Ruff* at ¶ 26. "[C]ourts must ask three questions when [a] defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions." *Evett* at ¶ 36, quoting *Ruff* at ¶ 31. "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Evett* at ¶ 36, quoting *Ruff* at ¶ 26.

{¶11} Here, there is no dispute that the aggravated robbery offenses involved four separate victims. Accordingly, the trial court did not err in concluding that Mr. Peterson's conduct supported multiple convictions because the offenses were of dissimilar import. *See Ruff* at ¶ 26, 31.

{¶12} Mr. Peterson's second assignment of error is overruled.

III.

{¶13} The judgment of the Summit Count Court of Common Pleas is affirmed.

Judgment affirmed.

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

CHARLES W. OLMINSKY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.