[Cite as *State v. Andreoli*, 2016-Ohio-7167.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     15CA0075-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL V. ANDREOLI | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     14-CR-0694 |

DECISION AND JOURNAL ENTRY

Dated: October 3, 2016

MOORE, Presiding Judge.

{¶1}    Defendant, Michael V. Andreoli, appeals from the decision of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 2014, Mr. Andreoli was charged with one count of possession of cocaine and one count of possession of heroin.  Mr. Andreoli ultimately pleaded guilty to those charges, and the trial court accepted the pleas and referred Mr. Andreoli to the probation department for a presentence investigation report ("PSI") to be prepared.  Thereafter, the trial court sentenced Mr. Andreoli to five years of community control and imposed specific terms of community control. The trial court further provided that the violation of community control would result in a twelve-month sentence on each count, to run consecutively.  In 2015, Mr. Andreoli's probation officer filed a complaint in the trial court alleging that Mr. Andreoli violated community control conditions by being unsuccessfully discharged from a treatment program, and by admitting to

using heroin. Mr. Andreoli admitted the violations, and, during the community control violation hearing, the trial court again referenced the PSI. In a journal entry dated July 24, 2015, he was sentenced to twelve months in prison on each of the two possession counts to run consecutively to each other.

{¶3} Mr. Andreoli appealed from the July 24, 2015 entry, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM CONSECUTIVE ONE-YEAR PRISON TERMS, TOTALING TWO YEARS IN PRISON, FOR [MR. ANDREOLI'S] FIRST AND ONLY COMMUNITY CONTROL/PROBATION VIOLATION, WHERE HE RELAPSED ON ONE OCCASION FOLLOWING MONTHS OF HIS SUCCESSFUL COMPLIANCE WITH COMMUNITY CONTROL/PROBATION REQUIREMENTS AND DRUG TREATMENT FOR HIS HEROIN ADDICTION.

{¶4} In his sole assignment of error, Mr. Andreoli argues that the trial court erred in sentencing him to two years in prison instead of continuing his community control.

{¶5} In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, "the Ohio Supreme Court revisited the law applicable to an appellate court's review of felony sentences. The Supreme Court held that, pursuant to R.C. 2953.08(G)(2), 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Peterson*, 9th Dist. Summit No. 27890, 2016-Ohio-1334, ¶ 5, quoting *Marcum* at ¶ 1. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Peterson* at ¶ 5, quoting *Marcum* at ¶ 1.

{¶6} With respect to imposing sentence where a defendant has violated the terms of community control, former R.C. 2929.15(B) provides:

(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The Court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.

{¶7} Here, Mr. Andreoli's argument in support of his assignment of error is limited to his argument that the trial court erred in imposing a prison term under former R.C. 2929.15(B)(1)(c) instead of continuing his community control under former R.C. 2929.15(B)(1)(a) or (b) because of certain mitigating circumstances. We will likewise limit our discussion.

{¶8} In support of his argument that the imposition of a prison sentence was in error, Mr. Andreoli maintains that he suffered only one relapse while on community control for several months. He argues that his otherwise compliant behavior and his admission to the relapse mitigates against the imposition of a prison term. However, at the community control violation hearing, the trial court referred to the PSI in reciting Mr. Andreoli's prior convictions. The PSI

has not been made a part of this record on appeal. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *Peterson*, 2016-Ohio-1334, at ¶ 7, quoting *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Peterson* at ¶ 7, quoting *Yuncker* at ¶ 17. "In cases such as this where the PSI is necessary to enable an appropriate review of the propriety of the sentence, [Mr. Andreoli's] failure to ensure that the record includes the PSI requires a presumption of regularity in the sentencing proceedings." *Peterson* at ¶ 7, quoting *Yuncker* at ¶ 17. Accordingly, absent the PSI, this Court cannot evaluate whether sentencing Mr. Andreoli to prison for the violation of community control was in error. *See State v. Berkenstock*, 9th Dist. Summit Nos. 26721, 26815, 2013-Ohio-4576, ¶ 14. Therefore, Mr. Andreoli's assignment of error is overruled.

### III.

{¶9}   Mr. Andreoli's assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.