[Cite as *State v. Vaughn*, 2016-Ohio-7384.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                      )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                  C.A. No.     27902

       Appellee

       v.                       APPEAL FROM JUDGMENT
                          ENTERED IN THE
JAMALL L. VAUGHN         COURT OF COMMON PLEAS
                          COUNTY OF SUMMIT, OHIO
       Appellant           CASE Nos.    CR 2013 04 1008(D)
                                      DL 13-04-0658

DECISION AND JOURNAL ENTRY

Dated: October 19, 2016

CARR, Presiding Judge.

{¶1}    Appellant Jamall Vaughn appeals his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    An officer from the New Franklin Police Department filed complaints in the juvenile court against Vaughn, alleging multiple counts of aggravated burglary, aggravated robbery, and aggravated murder arising out of the horrific attacks on Jeffrey and Margaret Schobert. The State moved the juvenile court to relinquish jurisdiction and transfer Vaughn to the common pleas court for prosecution as an adult. After hearings, the juvenile court found probable cause that Vaughn was involved in the commission of the criminal acts and, further, that he was not amenable to rehabilitation within the juvenile justice system. Vaughn's case was transferred to the court of common pleas. The grand jury indicted Vaughn on multiple counts of aggravated murder, aggravated robbery, and aggravated burglary, as well as some more minor

charges.  Vaughn pleaded guilty to two counts of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary, the other charges having been dismissed.  At sentencing, the trial court merged the count of aggravated robbery into one count of aggravated murder.  The State elected that the defendant be sentenced on the aggravated murder count in that instance.  The trial court sentenced Vaughn on the remaining three counts, ordering that the sentences be served concurrently.  Vaughn received an aggregate sentence of twenty-five years to life in prison.  Vaughn timely appealed and raises three assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE PLEA AND SENTENCE ARE VOID AS OHIO'S JUVENILE BINDOVER STATUTES VIOLATE THE RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES.

{¶3}    Vaughn argues that the bindover (or transfer) provisions in R.C. 2152.10 and 2152.12, whereby a juvenile's case may be transferred to the common pleas court for criminal prosecution, are unconstitutional as violative of due process rights and the right against cruel and unusual punishment.  This Court declines to consider the merits of Vaughn's arguments in this regard, however, because he waived them by pleading guilty.

{¶4}    As we recognized in *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, and *State v. Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579,

The Ohio Supreme Court has held that a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  This Court has explained that a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues

arising at prior stages of the proceedings, although [he] may contest the constitutionality of the plea itself. [ ]

(Internal quotations omitted.) *Quarterman* at ¶ 4; *Smith* at ¶ 25.

{¶5}    As in both *Quarterman* and *Smith*, Vaughn fails to argue that he did not enter his guilty plea in a knowing, voluntary, or intelligent manner. Rather, he raises a limited challenge to the constitutionality of the bindover provisions enunciated in R.C. 2152.10 and 2152.12. Because he pleaded guilty to the charges, we are constrained by our precedent and compelled to conclude that he has waived his constitutional arguments. Vaughn's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE GUILTY PLEA AND SENTENCING ARE VOID AB INITIO BECAUSE THE JUVENILE COURT FOUND THAT APPELLANT "HAD PRIOR CONTACT WITH THE JUVENILE JUSTICE SYSTEM," WHICH IS NOT SUPPORTED BY THE RECORD AND FAILS TO COMPLY WITH R.C. 2152.12(D) AND R.C. 2152.12(E)(5).

{¶6}    Vaughn argues that the common pleas court lacked jurisdiction to accept his guilty plea and impose sentence because the juvenile court's transfer of the case was based on an erroneous finding. Specifically, Vaughn argues that the State failed to present evidence that his "prior contact with the juvenile justice system" involved the commission of a category one or category two offense. Vaughn's argument is not well taken.

{¶7}    The juvenile court maintains exclusive jurisdiction concerning children alleged to be delinquent based on the commission of acts that would constitute crimes if committed by an adult. R.C. 2151.23(A). Where the State has requested it, and the juvenile court has made the appropriate findings, the juvenile will be eligible for either mandatory or discretionary transfer to the common pleas court for criminal prosecution. R.C. 2152.10 and 2152.12.

{¶8} To be eligible for a mandatory bindover to the adult system, a child must currently be charged with a category one offense (aggravated murder or murder, including attempt), the juvenile court must find probable cause that the child committed the offense, and the child must either: (1) be sixteen or seventeen years old at the time of the commission of the act charged, or (2) be fourteen or fifteen at the time of the act charged and have previously been adjudicated delinquent and committed to youth prison for a category one or category two (voluntary manslaughter, kidnapping, rape, aggravated arson, aggravated robbery, aggravated burglary, or first degree involuntary manslaughter) offense. R.C. 2152.10(A)(1); R.C. 2152.02(BB)/(CC). A child who was sixteen or seventeen years old during the commission of a category two offense is also subject to mandatory transfer under certain circumstances, as is a child who is otherwise eligible for discretionary transfer but was previously convicted of a felony in the adult system. R.C. 2152.10(A)(2)/(3); R.C. 2152.12(A)(1)(b)/(2)(a).

{¶9} By way of contrast, the juvenile court retains discretion to bind a child over to the adult system under other circumstances:

> Unless the child is subject to mandatory transfer, if a child is fourteen years of age or older at the time of the act charged and if the child is charged with an act that would be a felony if committed by an adult, the child is eligible for *discretionary* transfer to the appropriate court for criminal prosecution. In determining whether to transfer the child for criminal prosecution, the juvenile court shall follow the procedures in section 2152.12 of the Revised Code.

(Emphasis added.) R.C. 2152.10(B).

{¶10} Procedurally,

> [w]hen the state requests a discretionary bindover, the juvenile court [must] determine the age of the child and whether probable cause exists to believe that the juvenile committed the act charged. R.C. 2152.10(B) and 2152.12(B)(1) and (2). [I]f probable cause exists and the child is eligible by age, the juvenile court must then continue the proceeding for a full investigation. R.C. 2152.12(C) and Juv.R. 30(C). This investigation includes a mental examination of the child, a hearing to determine whether the child is "amenable to care or rehabilitation

within the juvenile system" or whether "the safety of the community may require that the child be subject to adult sanctions," and the consideration of 17 other statutory criteria to determine whether a transfer is appropriate. Juv.R. 30(C); R.C. 2152.12(B), (C), (D), and (E).

*In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 12. The Ohio Supreme Court has recognized that the decision to bind over a juvenile subject to discretionary transfer remains, as the name indicates, within the discretion of the juvenile court based on its consideration of whether the child "'appear[s] to be amenable to care or rehabilitation within the juvenile system or appear[s] to be a threat to public safety.'" *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, ¶ 10, quoting *State v. Hanning*, 89 Ohio St.3d 86 (2000); R.C. 2152.12(B). In considering these issues, the juvenile court must consider at a minimum the nine statutory factors favoring bindover and the eight statutory factors militating against bindover. R.C. 2152.12(D) and (E).

{¶11} In this case, the parties stipulated that Vaughn was fourteen years old at the time of the commission of the aggravated murders. Moreover, there was never any dispute that Vaughn was not eligible for mandatory bindover due to his age and circumstances. In fact, the juvenile court judge stated on the record at the conclusion of the probable cause hearing that Vaughn was not subject to mandatory bindover and that the matter must, therefore, proceed to an amenability hearing at a later date to determine the propriety of transfer. Accordingly, in determining whether or not to bind Vaughn over to the common pleas court for prosecution as an adult, the juvenile court was merely required to weigh the factors for and against transfer as they are enumerated in R.C. 2152.12(D) and (E).

{¶12} Vaughn argues that the juvenile court erred in its application of R.C. 2152.12(D)(6) and (E)(5), as recited here. If, "at the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction[,]" that would

support bindover. R.C. 2152.12(D)(6). Whereas, if "[t]he child previously has not been adjudicated a delinquent child[,]" that would militate against bindover. R.C. 2152.12(E)(5). More precisely, Vaughn argues that the juvenile court erroneously relied on or misapplied these factors because the State failed to present evidence that his prior contact with the juvenile system resulted in his being adjudicated a delinquent child for a category one or category two offense, followed by a commitment to youth prison, as required by R.C. 2152.10(A)(1)(b).

{¶13} R.C. 2152.10(A)(1)(b) states:

A child who is alleged to be a delinquent child is eligible for *mandatory* transfer and *shall be transferred* as provided in section 2152.12 of the Revised Code in any of the following circumstances: The child is charged with a category one offense and * * * [t]he child was fourteen or fifteen years of age at the time of the act charged and previously was adjudicated a delinquent child for committing an act that is a category one or category two offense and was committed to the legal custody of the department of youth services upon the basis of that adjudication.

(Emphasis added.) As noted above, category one and category two offenses include aggravated murder, murder, voluntary manslaughter, kidnapping, rape, aggravated arson, aggravated robbery, aggravated burglary, and first degree involuntary manslaughter.

{¶14} As we previously noted, there was never any dispute that, in this case, Vaughn was not subject to the mandatory bindover provisions due to his age and circumstances. Accordingly, R.C. 2152.10(A)(1)(b), which deals exclusively with mandatory transfers, has no applicability to this matter. Instead, Vaughn's bindover was governed by R.C. 2152.10(B), applicable to discretionary transfers.

{¶15} In this case, the juvenile court properly applied the discretionary transfer provision in R.C. 2152.10(B) and complied with R.C. 2152.12, utilizing the factors both in favor of and against transfer as enumerated in subsections (D) and (E) in its determination. Neither subsection references category one or category two offenses. Accordingly, the juvenile court

was not required to determine whether Vaughn had previously been adjudicated delinquent by reason of a category one or category two offense before concluding that transfer for prosecution as an adult was appropriate. Accordingly, Vaughn's argument invoking the mandatory bindover provisions in R.C. 2152.10(A) is misplaced and not well taken.

{¶16} Finally, to the extent that Vaughn argues that the juvenile court's allegedly erroneous factual findings implicate constitutional due process concerns, we reiterate that Vaughn has waived any such argument by pleading guilty to the charges. *Smith*, 2015-Ohio-579, at ¶ 25.

{¶17} Vaughn's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A SENTENCE OF TWENTY-FIVE YEARS TO LIFE AS THE TRIAL COURT FAILED TO CONSIDER THAT THE DEFENDANT WAS FOURTEEN YEARS AND ONE MONTH OLD AT THE TIME OF THE OFFENSE, DEFENDANT'S IQ, AND REFUSED TO CONSIDER STATEMENTS FROM THE PRINCIP[AL] OFFENDER AND OTHER STATUTORY FACTORS MANDATED BY R.C. 2929.12(C).

{¶18} Vaughn argues that the trial court abused its discretion by sentencing him to twenty-five years to life in prison. This Court disagrees.

{¶19} Vaughn directs this Court to apply the abuse of discretion standard of review pursuant to *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. The Ohio Supreme Court, however, recently abrogated the standard in *Kalish* and clarified that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that that record does not support the sentence." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as

to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶20}** R.C. 2929.03(A) enunciates the legally appropriate sentences that can be imposed relevant to a charge of aggravated murder. The sentencing court may impose a life term of imprisonment without parole, a life term of imprisonment with eligibility for parole after twenty years, a life term of imprisonment with eligibility for parole after twenty-five years, or a life term of imprisonment with eligibility for parole after thirty years. R.C. 2929.03(A)(1)(a)-(d). Vaughn was sentenced to life in prison with parole eligibility after twenty-five years. Accordingly, Vaughn's sentence was not contrary to law.

**{¶21}** Vaughn argues that his sentence violates the spirit of *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, in which the Supreme Court of Ohio held that a sentencing court, in exercising its discretion relative to the permissible sentence in R.C. 2929.03(A), "must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of *life without parole*." (Emphasis added.) At paragraph one of the syllabus. *Long* is inapposite, as the juvenile bindover defendant in that case was sentenced to a term of life without parole, while Vaughn was sentenced to a life term with the possibility of parole at some time in the future. The high court clarified:

> [W]e expressly hold that youth is a mitigating factor for a court to consider when sentencing a juvenile. But this does not mean that a juvenile may be sentenced only to the minimum term. The offender's youth at the time of the offense must still be weighed against any statutory consideration that might make an offense more serious or an offender more likely to recidivate.

*Id.* at ¶ 19.

**{¶22}** In this case, the trial court thoughtfully imposed sentence in express consideration of Vaughn's age. The trial judge stated:

> The sentencing decision the Court must make in this case is not one that can be drawn from a background of multiple prior cases that are like this. I am certain that there are very few cases like this in the history of the State of Ohio where a sentencing decision must be made with respect to someone who was 14 years old at the time of the commission of the murders in question.

Accordingly, Vaughn's assertion that the sentencing court disregarded his age at the time of the offense is not supported by the record.

{¶23} Moreover, the trial court asserted that it considered the factors enumerated in R.C. 2929.11, 2929.12, and 2929.13 in imposing sentence. There is a presumption that the trial court gave proper consideration to these statutes even where it has not put its consideration on the record. *State v. Peterson*, 9th Dist. Summit No. 27890, 2016-Ohio-1334, ¶ 6.

{¶24} Vaughn raises no argument regarding the trial court's application of the statutory factors save two. He asserts that the sentencing court erroneously failed to consider any statements made by the adult co-defendant Ford in Ford's criminal case to determine whether Vaughn's conduct was "less serious than conduct normally constituting the offense" pursuant to R.C. 2929.12(C).

{¶25} It is well established "[t]rial courts will not take judicial notice of their own proceedings in other cases, even though between the same parties and even though the same judge presided. A trial court may only take judicial notice of prior proceedings in the immediate case." (Internal quotations and citations omitted.) *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.). Here, the sentencing judge presided over Ford's case and was aware of information outside the record in Vaughn's case. Nevertheless, the judge properly refused to take judicial notice of Ford's statements in his own case because those matters were not properly part of the prior proceedings in the case before him. Vaughn made no effort to place Ford's statements within the record in Vaughn's case in a procedurally proper manner. Accordingly,

the sentencing court was foreclosed from considering and relying on information gleaned from a separate case that happened to be on the court's docket. Vaughn's argument in this regard is not well taken.

{¶26} Vaughn's third assignment of error is overruled.

### III.

{¶27} Vaughn's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney. for Appellee.